UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALEX MAURICIO, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SUNCREST HEALTH SERVICES, LLC,<br><br>　　　　Defendant. | Case No.  5:22-cv-02698-EJD<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 6, 11 |

Plaintiffs Alex Mauricio and Bristol Hospice LLC ("Bristol," collectively with Mauricio, "Plaintiffs") filed this action in the Santa Clara County Superior Court, asserting California Labor Code violations against Mr. Mauricio's former employer, Defendant Suncrest Health Services, LLC ("Suncrest" or "Defendant"). Suncrest removed the case to this district on diversity jurisdiction and filed a motion to dismiss shortly thereafter. Dkt. No. 6 ("Mot. Dismiss"). Plaintiffs then moved to remand this case to state court. Dkt. No. 11 ("Mot. Remand").

Having considered the briefings for both Plaintiffs' and Defendant's motions, the Court GRANTS Plaintiffs' motion to remand and DENIES AS MOOT Defendant's motion to dismiss.

**I.    BACKGROUND**

　　**A.    Facts**

Plaintiff Bristol is a Utah limited liability company with a principal place of business in Salt Lake City, Utah. Dkt. No. 1-1 ("Compl.") ¶ 2. It manages and operates hospice programs through the United States, including eighteen locations in California. *Id.* ¶ 7. Plaintiff Mauricio is a California resident and the current Chief Strategy Officer of Bristol. *Id.* ¶ 1.

Defendant Suncrest is also a Utah limited liability company with a principal place of

Case No.: 5:22-cv-02698-EJD
ORDER GRANTING MOTION TO REMAND

1

business in Salt Lake City, Utah.  *Id.* ¶ 3.  Suncrest also provides hospice and home healthcare services and is a direct competitor to Bristol.  *Id.* ¶ 8.

Prior to his role as Chief Strategy Officer at Bristol, Mr. Mauricio was employed by Defendant since September 1, 2018.  *Id.* ¶ 10.  During his employment, Mr. Mauricio entered into at least two employment agreements, which included an alleged "anti-raiding covenant" and a "non-compete covenant."  *Id.* ¶¶ 11-13.  In January 2022, Mr. Mauricio's employment with Defendant was terminated.  *Id.* ¶ 17.  Later that month, he received a letter from Suncrest's counsel, accusing him of disclosing Defendant's confidential information and making disparaging remarks against Defendant.  *Id.* ¶ 18.

On February 4, 2022, Defendant filed a claim against Mr. Mauricio in the Salt Lake County Third District Court in Utah (the "Utah Court"), alleging improper disclosure of confidential information and solicitation of Defendant's employees.  Dkt. No. 5, ¶¶ 1-2.

On March 25, 2022, both Mr. Mauricio and Bristol received a letter from Defendant's counsel, accusing Mr. Mauricio of disseminating Defendant's business plans and soliciting its employees.  *Id.* ¶ 19.

**B.    Procedural History**

On April 4, 2022, Plaintiffs filed this suit in the Santa Clara County Superior Court.  Dkt. No. 1 ("Not. Removal") ¶ 1.  Defendant Suncrest was served on April 11, 2022, and timely removed the case to this district on May 4, 2022, based on diversity jurisdiction.  *Id.* ¶¶ 5, 7-10.

One week later, Defendant moved to dismiss Plaintiffs' complaint or alternatively to transfer the action to the Utah Court.  Dkt. No. 6.  On May 25, 2022, Plaintiffs filed both an opposition to Defendant's motion to dismiss and their own motion to remand.  Dkt. Nos. 11, 12.  Defendant did not file a reply in support of its own motion to dismiss but did file an opposition to Plaintiffs' motion to remand, which has since been fully briefed.  Dkt. Nos. 17, 18.

On October 26, 2022, the Court took both Defendant's motion to dismiss and Plaintiffs' motion to remand under submission without oral argument.  Dkt. No. 24.

Case No.: 5:22-cv-02698-EJD
ORDER GRANTING MOTION TO REMAND

2

## II.  DISCUSSION

Because Plaintiffs dispute the Court's subject matter jurisdiction over this case, the Court must address those jurisdictional issues first before reaching the merits issues raised in Defendant's motion to dismiss. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("[J]urisdiction generally must precede merits in dispositional order").  As discussed below, the Court finds that diversity jurisdiction is lacking and, therefore, will not reach the issues in the motion to dismiss.

### A.  Legal Standard

A federal court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).  The rule requires complete diversity; every plaintiff must be diverse from every defendant. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).  "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  A court ordinarily looks to the face of the complaint to determine whether diversity of citizenship exists. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

A plaintiff may challenge removal by filing a motion to remand the case to state court.  28 U.S.C. § 1447(c).  The removing party, however, "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Generally, "removal statutes are strictly construed against removal." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citation omitted); *Gaus*, 980 F.2d at 566).  "[A]ny doubt" concerning the propriety of removal "is resolved against removability." *Luther*, 533 F.3d at 1034.  A district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

### B.  Complete Diversity

In their Complaint, Plaintiffs allege that both Plaintiff Bristol and Defendant Suncrest are Utah limited liability companies with principal places of business in Utah.  Compl. ¶¶ 2-3.

Case No.: 5:22-cv-02698-EJD
ORDER GRANTING MOTION TO REMAND

3

1    Defendant, however, has removed this action alleging that—even though Bristol is a Utah limited

2    liability company—its sole member is a Delaware corporation and Bristol itself is a portfolio

3    company of a Massachusetts-based corporation. Not. Removal ¶¶ 7-8. Accordingly, Defendant

4    argues, Plaintiff Bristol is a citizen of Delaware and Massachusetts but not Utah. Plaintiffs do not

5    dispute that Bristol's citizenship is determined by that of its LLC member; however, they argue

6    that the LLC member's principal place of business and nerve center is in Utah. Mot. Remand 6.

7          For purposes of diversity jurisdiction, a limited liability company is a citizen of every state

8    of which its owners or members are citizens. *See 3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th

9    Cir. 2018). Applying the Supreme Court's "nerve center" test to holding companies, the Ninth

10   Circuit held that "a holding company's principal place of business is the place where it has its

11   board meetings . . . unless evidence shows that the corporation is directed from elsewhere." *3123*

12   *SMB*, 880 F.3d at 468; *see also Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

13         **1.    Residency in Utah**

14         Plaintiffs have submitted evidence that Bristol is part of a sophisticated corporate structure

15   with multiple nested entities, one wholly owning another. The sole member of Plaintiff Bristol

16   Hospice, LLC is Bristol Hospice Holdings, Inc. ("BHH"), a Delaware holding corporation that

17   identifies Salt Lake City, Utah as its principal place of business. Decl. John Garbarino

18   ("Garbarino Decl.") ¶ 3; *see also id.*, Ex. A ("Annual Franchise Tax Report"), Jan. 31, 2022, ECF

19   No. 11-3. BHH has one director, John Garbarino, and its sole purpose is to hold interest in

20   Plaintiff Bristol Hospice, LLC. Garbarino Decl. ¶ 5. BHH is wholly owned by Bristol Hospice

21   Topco, Inc., which is in turn wholly owned by the limited partnership, Bristol Ultimate Holdco,

22   L.P. ("Bristol LP"). *Id.* ¶¶ 3–8. The Bristol LP holds its annual board of director meetings in Salt

23   Lake City, Utah, where the directors discuss the direction of all companies within its corporate

24   structure. *Id.* ¶ 10.

25         Plaintiffs' submitted declarations do not directly state that BHH holds board meetings in

26   Utah nor that it holds any board meetings at all. This is perhaps unsurprising given that BHH is a

27   passive holding corporation with only one director. Garbarino Decl. ¶ 5. Given that the location

28   Case No.: 5:22-cv-02698-EJD
ORDER GRANTING MOTION TO REMAND
4

of BHH's board meetings—if any take place at all—is unclear, the Court looks to "evidence show[ing] that the corporation is directed from elsewhere." *3123 SMB*, 880 F.3d at 468. On this point, the evidence indicates that BHH—as is every other Bristol company—is directed from Salt Lake City, Utah, where the annual board of director meetings for Bristol LP are held. Garbarino Decl. ¶ 10. This conclusion is consistent with the "nerve center" test and the Supreme Court's guidance to look "in a single direction, toward the center of overall direction, control, and coordination," rather than "try to weigh corporate functions." *Hertz*, 559 U.S. at 95–96. Accordingly, the Court finds that the evidence indicates that BHH's "nerve center" is in Salt Lake City, Utah, where the annual Bristol LP's director meetings are held.

### 2. Residency in Massachusetts

Defendant's attempt to argue that BHH is a Massachusetts citizen is unconvincing. The only nexus between BHH and the Commonwealth of Massachusetts is the residence of BHH's director, Mr. Garbarino. Not. Removal ¶ 8. However, the Ninth Circuit has expressly cautioned against determining a holding company's residency based on where its officers and directors reside, characterizing the connection as "tenuous" and subject to changes without any corresponding "change to the corporation's structure or operation." *3123 SMB*, 880 F.3d at 469. Other than Mr. Garbarino's residence, there is no evidence supporting an affirmative inference that BHH's "nerve center" is in Massachusetts; every single Bristol entity referenced in this action (Plaintiff Bristol Hospice, LLC; Bristol Hospice Holdings, Inc.; Bristol Hospice Topco, Inc.; and Bristol Ultimate Holdco, L.P.) has identified the same address in Salt Lake City, Utah as its principal place of business. Accordingly, the Court declines to infer that BHH's actual "nerve center" is in Massachusetts.

For these same reasons, jurisdictional discovery is not warranted. The commanding weight of the evidence points in the direction of Utah as the location where all Bristol companies are directed, controlled, and coordinated. Massachusetts only appears on the jurisdictional map as the state of residence for the director of a Bristol holding corporation. A request for jurisdictional discovery on these facts is "based on little more than a hunch that it might yield jurisdictionally

Case No.: 5:22-cv-02698-EJD
ORDER GRANTING MOTION TO REMAND
5

relevant facts," *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008), and the Court will exercise its discretion to DENY Defendant's request for jurisdictional discovery.

* * *

The Court finds that Plaintiff Bristol Hospice, LLC is a resident of Utah. Because both Plaintiff Bristol Hospice, LLC and Defendant Suncrest Health Services, LLC are residents of Utah, complete diversity does not exist between the parties. Accordingly, this Court lacks subject matter jurisdiction over this action.

Because this matter will be remanded to state court for lack of subject matter jurisdiction, the Court finds that Defendants' motion to dismiss is MOOT.

## III. CONCLUSION

Based on the foregoing, the Court ORDERS, as follows:

1. Plaintiffs' Motion to Remand is GRANTED;
2. Defendants' Motion to Dismiss is DENIED AS MOOT; and
3. Defendant's alternative request for jurisdictional discovery is DENIED.

The Clerk is DIRECTED to REMAND this case to the Santa Clara County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: February 15, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-02698-EJD
ORDER GRANTING MOTION TO REMAND
6